UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In re | Case No. 1-18-44477-cec |
|---|---|
| **Eugenio Maldonado**, | CHAPTER 13 |
| | JUDGE CRAIG |
| Debtor | NOTICE OF MOTION<br>With Affirmation in Support |

PLEASE TAKE NOTICE, that on March 7, 2019 at 10:00 AM or as soon thereafter as counsel can be heard a hearing ("Hearing") will be held before the Honorable Carla E. Craig, United States Bankruptcy Judge, at Courtroom 3529, 271 Cadman Plaza East Brooklyn, New York 11201 (the "Court"), upon the annexed affirmation of David J. Doyaga, Sr., (the "Movant") for an Order to authorize and direct Michael J. Macco, the Chapter 13 Trustee (the "Trustee") to pay fees to David J. Doyaga, Sr., for services rendered to the Debtor to the extent there are funds available pursuant to Sections 303(a)(4)(B), 503(b)(2) and 1326 of the Bankruptcy Code. The undersigned reserves the right to supplement this application to the extent the undersigned incurs more time and expenses.

PLEASE TAKE FURTHER NOTICE, that answering or opposing papers, if any, must set forth the basis of the opposition and must be served and filed so as to be received by the undersigned and the Court no later than seven days before the original hearing date.

Dated: Brooklyn, New York
February 13, 2019

                                                S/David J. Doyaga, Sr.
                                               David J. Doyaga, Sr.
                                               Attorneys at Law
                                               Attorney for Debtor
                                               26 Court Street, Suite 1601
                                               Brooklyn, New York 11242
                                               (718)488-7500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

**Eugenio Maldonado**,
               Debtor

Case No. 1-18-44477-cec

**CHAPTER 13**

### AFFIRMATION IN SUPPORT OF
### APPLICATION FOR ADMINISTRATIVE EXPENSES

     David J. Doyaga, Sr. Esq., (the "Movant") an attorney duly admitted to practice law in the State of New York does hereby affirm under penalty of perjury as follows:

     That I am the attorney for Eugenio Maldonado (the "Debtor") and am fully familiar with all the facts and circumstances herein.

     1.    This affirmation is submitted in support of my application for approval or retainer agreement, pursuant to Sections 1326 and 503 of the Bankruptcy Code (the "Code"), for an Order authorizing and directing the Chapter 13 Trustee, (the "Trustee") to pay the sum of $3,500 to David J. Doyaga, Sr., for services rendered to the Debtor.

### BACKGROUND

     2.    The Debtor filed pro se a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code under case number 18-44477-cec on August 1, 2018.

     3.    A little less than a month, on August 15, 2018, the Debtor first met with my offices and retained me to represent them in this current bankruptcy case signing a retainer agreement that day.

     4.    Debtor entered into a written retainer agreement with David J. Doyaga, Sr. subject to Bankruptcy Court approval wherein the Debtor consented to pay David J. Doyaga, Sr., a fee of $3,900 at signing plus $3,500 under the plan to prepare and file: (a) Schedules and Statement of Financial Affairs (b)

1

Request for Loss Mitigation, (c) file Chapter 13 Plan, (d) file opposition to Objection to Confirmation of Debtor's Chapter 13 Plan, and represent the Debtor through confirmation. A copy of that retainer agreement is attached hereto as Exhibit A.

5. By signing the retainer, the Debtor acknowledged and understood that besides the $3,900 he was paying post-petition, he would pay $3,500 under the plan. The agreement provided that the $3,500 was due even in the event of dismissal. The agreement also provided that the amount due under post-petition could increase in the event the number of hours that the Undersigned's office worked on the case exceed 7 hours. This has occurred as the Undersigned has already spent 25.4 hours on the case.

6. On October 9, 2018, the Debtor filed a First Amended Chapter 13 plan (the "Plan") prepared by the Undersigned. A copy of the Plan is attached hereto as Exhibit B. The Plan signed by the Debtor shows additional fees due to the Undersigned.

## ADMINISTRATIVE FEES

7. Section 330(a)(4)(B) of the Bankruptcy Code, in turn, provides:

   In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation **to the debtor's attorney** for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

8. Section 1326(a)(2) provides that

   If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, **after deducting any unpaid claim allowed under section 503(b).**

9. Section 503(b)(2) of the Bankruptcy Code provides:
   (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

   (2) compensation and reimbursement awarded **under section 330(a) of this title.**

2

10. David J. Doyaga, Sr. performed actual and necessary services the fees for which are reasonable, which preserved the estate and provide the Debtor with an opportunity to reorganize Debtor's financial affairs. David J. Doyaga, Sr. has been diligent in participating in the loss mitigation with the holder of Debtor's mortgage and has expended many hours of attorney and paralegal time preparing documents and in correspondence with both the Debtor, the Chapter 13 Trustee, and the mortgage holder.

11. Moreover, David J. Doyaga, Sr., has spent numerous hours on the case pre and post-petition with fees totaling $7,950. A copy of the time records showing these hours and fees is attached hereto as <u>Exhibit C</u>. This work was reasonable and necessary to preserve the assets of the Debtor's estate and allowed the Debtor to pursue a mortgage modification.

13. When this Motion is ultimately heard the Trustee and/or Movant shall advise the Court of the amount the Trustee is holding. At the time of making this Motion, the Trustee was holding a total of $10,000. To the extent there are funds available after the payment of commission and expenses of the Trustee, David J. Doyaga, Sr. requests fees and expenses as an administrative expense under Section 503(b)(2) and 1326(a)(2).

**Wherefore**, the Movant requests an order authorizing and directing the Trustee to pay $3,500 to David J. Doyaga, Sr., for the balance of the unpaid fees for work done post-petition in the Debtor's Chapter 13 bankruptcy case.

Dated: Brooklyn, New York
   February 13, 2019

                      <u>S/David J. Doyaga, Sr</u>
                      David J. Doyaga, Sr.,
                      Attorneys at Law
                      Attorney for Debtor
                      26 Court Street, Suite 1601
                      Brooklyn, New York 11242
                      (718) 488-7500