**DAVID J. DOYAGA, ATTORNEYS AT LAW**
**POST-PETITION CHAPTER 13 RETAINER AGREEMENT**
**NEW YORK STATE**

08/15/2018

(1) I, Eugenio Maldonado (hereinafter referred to as "Client"), have retained DAVID J. DOYAGA, ATTORNEYS AT LAW Suite 1601, 26 Court Street, Brooklyn New York 11242, to represent me in a currently pending Chapter 13 bankruptcy proceeding, Case No. . Client agrees that fee for this representation as set forth below is detail is $7,400 of whhich $3,900 ("Direct Payment Portion") shall be paid, at the time of the signing of the retainer agreement. The balance of the total fee, $3,500 ("Anticipated Post-Petition Portion") shall be paid from the payments Client shall be making to the Chapter 13 Trustee pursuant to Client's Chapter 13 plan. Client understands that the "Direct Payment Portion" payment and this entire retainer agreement is subject to Bankruptcy Court approval

    Client has been advised that in a Chapter 13 case, Client will have to make monthly payments to the Chapter 13 Trustee. The estimated monthly payment to the Trustee will be no less than $2,500.00 and this payment is an estimate and could be higher depending on the actual debts and other circumstances.

(2) The Pre-petition Portion of the fee covers the following services:

(A) All pre-retention analysis including but not limited to,

    (i) Interview of client and investigation of the bonafides and circumstances of the Client; preparation of the schedules, plan and other documents necessary to file;

    (ii) Confirming any foreclosure sale or collection events; arranging the Client's taking the credit counseling course, if not already taken.

    (iii) Filing of corrected bankruptcy Schedules, Statement of Financial Affairs, and all required forms, including the Chapter 13 plan and paying all filing fees required by the Court.

    (iv) Attending the Meetings of Creditors with the Debtor.

(3) The anticipated Post-Petition Portion of the fee shall cover:

    (i) Any amendments that need to be made to the petition, schedules, statement of financial affairs, and the Chapter 13 plan.

    (ii) Defense of any motions to lift the automatic stay, motions to dismiss, or motion to convert the case.

1

    (iii) Loss Mitigation

This Retainer fee quoted does/does not include loss mitigation. (CIRCLE ONE) If not included, loss mitigation shall be billed against the estate of my Bankruptcy at the rates provided in Paragraph 6 of this Retainer.
- (iv) Attendance at the Hearing on Confirmation and any adjournments of the Hearing.
- (v) Motions to strip liens and/or mortgages.
- (vi) Filing the Financial Management Certificate.
- (vii) Filing the Affidavits regarding Domestic Support Obligations and/or Post-Petition mortgage payments and/or filing of tax returns.

(4) This retainer does not include any services related to adversary proceedings including, but not limited to, objections to discharge (including for fraud or misrepresentation), objections to the discharge of any individual debts, and fraudulent conveyances. If Client wants representation in the event of any such proceedings an additional retainer agreement shall have to be agreed to.

(5) Client understand that DAVID J. DOYAGA, ATTORNEYS AT LAW, shall be paid a portion of their fee from the Chapter 13 Trustee. The money to pay said fees comes from Client's regular monthly payments to the Chapter 13 Trustee.

(6) Client understands that the Anticipated Post-Petition Portion of the fee, quoted above, due to be paid by the Trustee, is an estimated fee based upon the amount of time necessary to confirm a typical Chapter 13 plan. Client authorize the payment of the Anticipated Post-Petition Portion as part of my confirmed plan regardless of the time it takes to confirm my plan. However, in the event DAVID J. DOYAGA, ATTORNEYS AT LAW, incurs more than 8 hours for the time of DAVID J. DOYAGA, ATTORNEYS AT LAW throughout the confirmation process, Client authorizes DAVID J. DOYAGA, ATTORNEYS AT LAW, to amend their claim and, if they deem necessary make a fee application for more than the Anticipated Post-Petition portion, and, in an amount equal to the number of hours worked on my case at a rate of $500 per hour for the time of David J. Doyaga, $300 per hour for other associates, and $250 per hour for paralegals.

(7) Client consents to the work in loss mitigation to try for a modification of my property located at 241-05 143rd Avenue, Rosedale, NY. Client represents they own the property and live in it.

(8) In the event, Client's plan is not confirmed by the Court or the Case is otherwise converted or dismissed, Client authorizes DAVID J. DOYAGA, ATTORNEYS AT LAW, to make application to the Court to be paid the fees due them despite dismissal or conversion. Client assigns Client's rights to the return of any moneys held by the Chapter 13 Trustee to DAVID J. DOYAGA, ATTORNEYS AT LAW, to the extent of any fees allowed by the Court or agreed to herein by me.

(9) Client has been informed that Client may be required to update and amend Client's budget during my Chapter 13 period. Client agrees to provide DAVID J. DOYAGA, ATTORNEYS AT LAW, with Clients' yearly income and expenses figures.

(10) Client understands that if Client changes Client's mind and wishes to withdraw or dismiss Client's case, it is possible the Court may not allow the withdrawal or dismissal of the case. Client further understands that, even in the case of withdrawal or dismissal, the bankruptcy filing will appear on Client's credit report.

(11) Client confirms that Client has taken the credit counseling course required for filing bankruptcy within the last 180 days.

(12) Client acknowledges that Client has read this entire agreement. Client is aware that this agreement only covers the services listed and that any additional services may be subject to additional fees. Client acknowledges that Client has given the decision to file bankruptcy very careful consideration and has been advised of the potential costs, negative effects and benefits.

(13) Client understands that all services do not guarantee an outcome. For example, short sale or a loss mitigation/mortgage modification is often unsuccessful, and Client understands that Client is paying for the service of DAVID J. DOYAGA, ATTORNEYS AT LAW, in making my best case for the best possible outcome. The fees charged and due to DAVID J. DOYAGA, ATTORNEYS AT LAW, under this retainer shall be due even if the Chapter 13 fails and/or Loss mitigation/mortgage modification is unsuccessful.

(14) Client understands that Client shall have to make at least two proceeding related appearances in the prosecution of the Chapter 13 case and, most likely, more than two such appearances. Client understands that David J. Doyaga, Attorneys at Law shall use the services of appearance and a contract attorney for purpose of appearance. David J. Doyaga Attorneys at Law shall always ensure that such counsel is adequately prepared to represent the Client at such hearing or hearings to address the issues raised at said hearing.

(15) There may be some unknown information needed for the case to go forward and Client agrees to provide DAVID J. DOYAGA ATTORNEYS AT LAW with information they request, including the balance of my unsecured and/or secured debt. It is possible the amount of Clients' secured debt may be over $1,184,200 and my unsecured debt may be over $394,725. If so, the Chapter 13 case may be dismissed.

(16) I, agree that DAVID J. DOYAGA, ATTORNEYS AT LAW can communicate with me and the following additional person concerning everything: Reynaldo Maldonado. If communication with Client **only** is allowed, place Client initials in this place (_____). Understand that if you authorize us to speak with another person other than your legal spouse the communication is not privileged and confidential. David J. Doyaga Attorneys at Law recommends we only speak with you. The following telephone # (347) 608-7131 and email address nitrodemo@gmail.com and optimusmagnus.associates@gmail.com shall be used to communicate. Any communication by email or text or voicemail by these means shall be sufficient. If Client does not have an email address, then regular mail shall be sufficient mailed to

the address supplied below Client's signature. DAVID J. DOYAGA ATTORNEYS AT LAW are not obligated to use certified mail.

**(17) Client authorizes DAVID J. DOYAGA ATTORNEYS AT LAW to "pull" and view my credit report.**

(18) Client represents to David J. Doyaga Attorneys at Law that Client no prior Bankruptcy cases of any kind in the past. Client understands that if the number of prior cases set forth in the prior sentence is incorrect, there may be no stay and an Auction sale, therefore <u>CAN NOT</u> be stopped.

(19) When Client gets their discharge or the Chapter 13 is dismissed, the legal representation by the DAVID J. DOYAGA ATTORNEYS AT LAW shall end.

X _[signature]_ _____

**Eugenio Maldonado**                                             **August 15, 2018**

**241-05 143rd Avenue**

**Rosedale NY 11422**